UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

OLLIE M. HERRIN and
PANSY HERRIN,

    Plaintiffs,                            CASE NO. 05-CV-10245-BC

v.                                            DISTRICT JUDGE DAVID M. LAWSON
                                                MAGISTRATE JUDGE CHARLES BINDER

TROOPER ROBERT DUNHAM,
DETECTIVE MARK PENTIGRAPH,
MICH. STATE POLICE, MARK REENE,
and TUSCOLA COUNTY,

    Defendants.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
## ON DEFENDANTS' MOTION TO DISMISS
(Dkt. 3)

### I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Defendants' Motion to Dismiss be **GRANTED** and that the case be **DISMISSED**.

### II.    REPORT

#### A.    Introduction

By order of U.S. District Judge David M. Lawson, this case was referred to the undersigned Magistrate Judge for general case management on December 6, 2005. (Dkt. 5.) Pending is the above-entitled motion filed by Defendants Dunham, Pentigraph and Michigan State Police. Defendants Reene, Tuscola County and Dunham subsequently filed a concurrence. (Dkts. 4 & 7.) Plaintiffs filed a response opposing the motion (Dkt. 9), and Defendants Reene and Tuscola

County filed a reply (Dkt. 11). Oral argument was scheduled to be heard on January 18, 2006; however, counsel for Plaintiffs appeared in Flint instead of Bay City, and the parties then agreed that the matter could be decided on the pleadings with additional supplementation. That supplementation has been received.[1] (Dkts. 12, 14.) Therefore, the motion is now ready for Report and Recommendation.

    **B.**    **Facts**[2]

On or about July 13, 2001, Defendants Troopers Dunham and Pentigraph, apparently acting under their authority as motor carrier enforcement officers, seized a 1999 dump truck, a 2001 GMC pickup truck, a 2001 flatbed trailer, a 1999 premiere travel trailer, a 2001 bobcat skidloader, an asphalt roller, and various hand tools belonging to Plaintiffs, residents of Indiana. At the time of seizure, the property was located at the Holiday Shores Resort Campground in Shiawassee County. The vehicles were moved to Complete Towing in Flint for storage. Approximately four days later, Defendant Trooper Dunham sought and obtained a search warrant authorizing a search of these vehicles for "any and all evidence relating to the identity of the owner(s) and/or user(s) of the above referenced items; any and all evidence relating to the business operation of the owners/and/or users . . . ." (Compl., Dkt.1, Ex. 1.) In the affidavit supporting the search warrant, Trooper Dunham stated that the search was requested in support of an investigation "involving potential fraudulent/larcenous activity in the Vassar Township [area] . . . being committed by individuals associated with an asphalt paving business[.] . . ." (*Id*. at 2.) A state magistrate approved the search warrant. (*Id*. at 4.) Returns on the search warrant indicate the seizure of license plates, registration certificates, vehicle identification certificates, receipts, business cards,

---

[1] Plaintiffs' counsel forwarded supplementation via fax to the Court and all Defendants.

[2] This statement of facts is based entirely upon Plaintiffs' complaint and attached exhibits.

court and business-related paperwork, photographs, identification documents, and checkbooks. (*Id*. at 6-11.)[3]

Shortly after the seizure of the property, Plaintiffs apparently retained counsel, and on September 7, 2001, counsel made inquiries of the Tuscola County prosecutor's office and others relating to the return of the seized vehicles. (*Id*., Exs. 3, 4, 5 & 6.) Tuscola County authorities, however, never initiated either forfeiture proceedings of this property or any criminal charges against the Plaintiffs. At some point subsequent to the search, a Tuscola County assistant prosecutor did place a "prosecutor's hold" on the property, preventing Plaintiffs from recovering the property from Complete Towing. Finally in late November 2004,[4] the Michigan State Police post sent to Plaintiffs a "Notice of Abandoned Vehicle" for the 2001 flatbed trailer and the 1999 travel trailer.

Ultimately, proceedings were started in the Michigan District 71-B Court in Tuscola County for the return of the vehicles. A hearing was held before state District Judge David Glaspie on January 19, 2005. After oral argument, Judge Glaspie ruled from the bench that the seizures were improper and directed that "the vehicles [ . . . ] be immediately released to the owner[.]" (*Id*., Ex. 2 at 10-11.) After the return of the travel trailer, Plaintiffs inspected the trailer and found its walls and carpet ruined.

Plaintiff filed the instant two-count complaint in this Court on September 15, 2005. Count one alleges violations of Plaintiff's Fourth and Fourteenth Amendment of constitutionally protected rights. Count two alleges violation of 42 U.S.C. § 1983. Plaintiffs seek the award of

---

[3]Pages 10 and 11 of this exhibit are unnumbered.

[4]This document is referenced in Plaintiffs' complaint, however, the date of issuance appearing in the complaint appears to be a typographical error. (Compl. ¶ 17.) The correct date is found in an exhibit attached to Plaintiffs' response. (Dkt. 9, Ex. 1.)

3

approximately $265,000.00 for loss of their property and $10,000,000.00 damages for violation of Plaintiff's constitutionally protected rights.

Defendants filed the instant motion arguing that Plaintiffs' actions are barred by the applicable statute of limitations. Plaintiffs oppose the motion, arguing that the Defendants' actions amount to a "continuous tort," which did not in fact accrue until at least November 1, 2004. Plaintiffs contend that the appropriate statute of limitations in this case is the six-year statute of limitations for "personal actions" set forth in MCLA § 600.5813. Plaintiffs allege that in this case they "could not know what the damages [were] until the return or release [of their property]." (Pls.' Resp., Dkt. 9 at 4.) Plaintiffs argue that utilizing the "personal action" statute of limitations, their claim does not accrue until all the evidence of an action for personal injury, including the element of damages, are present. As a result, Plaintiffs argue that this action is timely. In the alternative, Plaintiffs argue that the statute of limitations is tolled due to Defendants' alleged representations that the property was being held as evidence.

**C.      Law and Analysis**

**1.      Motion Standards**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal for failure to state a claim upon which relief can be granted. "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir.1993). "In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir.1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir.1984)). Accordingly, when deciding a dismissal motion, "[t]he

court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Cline v. Rogers*, 87 F.3d 176 (6th Cir. 1996) (citing *In re DeLorean Motor Co.,* 991 F.2d 1236, 1240 (6th Cir. 1993)).

### 2. Statute of Limitations Governing Legal Standards

Plaintiffs' cause of action arises under 42 U.S.C. § 1983 and alleges violation of Plaintiffs' Fourth Amendment right to be secure in their persons, places and things, from unreasonable searches and seizures. The law in Michigan, relating to the applicable statute of limitations, in cases such as this has been well summarized by the United States Court of Appeals for the Sixth Circuit in *Wolfe v. Perry*, 412 F.3d 707 (6th Cir. 2005):

> Because Congress did not specifically adopt a statute of limitations governing § 1983 actions, "federal courts must borrow the statute of limitations governing personal injury actions in the state in which the section 1983 action was brought." *Id.* (citing *Wilson v. Garcia*, 471 U.S. 261, 275-76, 105 S. Ct. 1938, 85 L. Ed. 2d 254 (1985). We have held that the appropriate statute of limitations to be borrowed for § 1983 actions arising in Michigan is the state's three-year limitations period for personal injury claims. Mich. Comp. Laws Ann. § 600. 5805(10); *Chippewa Trading Co. v. Cox*, 365 F.3d 538, 543 (6th cir.), *cert. denied*, ___ U.S. ___, 125 S. Ct. 500, 160 L. Ed. 2d 372 (2004); *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir.), *cert. denied*, 479 U.S. 923, 107 S. Ct. 330, 93 L. Ed. 2d 302 (1986). "Although state law provides the statute of limitations to be applied in a § 1983 damages action, federal law governs the question of when that limitations period begins to run." *Sevier v. Turner*, 742 F. 2d 262, 272 (6th Cir. 1984); *see also Sharpe v. Cureton*, 319 F. 3d 259, 266 (6th Cir.), *cert. denied*, 540 U.S. 876, 124 S. Ct. 228, 157 L. Ed. 2d 138 (2003).
>
> "Typically the statute of limitations for filing an action alleging an unconstitutional search and seizure begins to run at the time of the injury," when the plaintiff becomes aware of the unconstitutional action. *Shamaeizadeh v. Cunigan*, 182 F.3d 391, 394 (6th Cir.), *cert. denied*, 528 U.S. 1021, 120 S. Ct. 531, 145 L. Ed. 2d 412 (1999).

*Wolfe*, 412 F.3d at 713-14.

### 3.     **Conclusions**

Guided by this precedent, I first suggest that the applicable statute of limitations is the three-year limitations period for first personal injury claims set forth in MCLA § 600.5805(10). I next suggest that pursuant to *Wolfe*, the statute of limitations for a cause of action for unconstitutional search and seizure runs at the time when plaintiff becomes aware of the alleged unconstitutional action. The exhibits to Plaintiffs' complaint make clear that Plaintiffs were aware of the seizure of their property at least as early as September 2001 when they engaged the services of counsel who made inquiries relating to the seizure of the property. (Compl., Ex. 3.) Plaintiffs' arguments to the contrary, I suggest, are unavailing. Since the instant complaint was filed more than four years after the seizure of their property, of which they were clearly aware, I suggest that it is barred by the applicable statute of limitations and that the grant of Defendants' motion is appropriate.

### III.    REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*,

829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                                      s/ *Charles E. Binder*
                                                      CHARLES E. BINDER
Dated: January 30, 2006                    United States Magistrate Judge

## **CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Audrey J. Forbush, Dianne M. Longoria and Thomas Blair Renfro, and served in the traditional manner on Honorable David M. Lawson.

Dated:  January 30, 2006                        By     s/Mary E. Dobbick
                                                                 Secretary to Magistrate Judge Binder