UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OLLIE HERRIN and PANSY HERRIN

       Plaintiffs,

                                  Case Number 05-10245
v.                               Honorable David M. Lawson
                               Magistrate Judge Charles E. Binder

TROOPER ROBERT DUNHAM,
DETECTIVE MARK PENTIGRAPH,
MICHIGAN STATE POLICE, MARK REENE,
and TUSCOLA COUNTY,

       Defendants.
_____/

**ORDER REJECTING MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION, DENYING DEFENDANTS' MOTIONS TO DISMISS,
AND CONTINUING ORDER OF REFERENCE FOR PRETRIAL PROCEEDINGS**

The plaintiffs are the owners of several vehicles, trailers, and other pieces of equipment that were seized on July 13, 2001 by defendants Dunham and Pentigraph, who are Michigan state police officers. The property was released to the plaintiffs on or about January 19, 2005. The plaintiffs claim the property was damaged while in the custody of the defendants. The plaintiffs' two-count complaint, filed September 15, 2005, alleges violations of the Fourth and Fourteenth Amendments via 42 U.S.C. § 1983 against all the defendants.

On November 21, 2005, the officer-defendants filed a motion to dismiss arguing that the plaintiffs' claims are barred by the statute of limitations. Defendants Reene (who is an assistant county prosecutor) and County of Tuscola filed a "Notice of Joinder/Concurrence," joining in the statute of limitations argument and also claiming to be protected by prosecutorial immunity. This document will be construed as a motion to dismiss. On December 6, 2005, this case was referred to Magistrate Judge Charles E. Binder for general case management pursuant to 28 U.S.C. § 636(b).

On January 30, 2006, the magistrate judge filed a report recommending that the motion to dismiss be granted and the case be dismissed. The magistrate judge concluded that the plaintiffs' claims are barred by the three-year statute of limitations applicable to section 1983 cases. The magistrate judge did not address the prosecutorial immunity argument. The plaintiff filed timely objections to the recommendation, and the matter is now before the Court for *de novo* review.

The Court concludes that the magistrate judge was correct in concluding that the statute of limitations for section 1983 claims in Michigan is three years, but the statute did not begin to run until the property was released. A few items were released to the plaintiffs in February 2005, but the plaintiffs claim other items continue to be held by the defendants. The complaint, therefore, was timely. Defendants Reene and Tuscola County may not assert prosecutorial immunity at this point of the proceedings because it is not clear from the complaint that they were performing a prosecutorial function rather than an investigative function when Reene placed a "hold" on the property. The motions to dismiss therefore will be denied.

I.

On July 13, 2001, the defendants seized a 1999 Chevrolet dump truck, a 2001 GMC pickup truck, a 2001 flatbed trailer, a 1999 Premier trailer, a 2001 Bobcat skid loader, an asphalt roller, and various hand tools they found at a lot rented by the plaintiffs at the Holiday Shores Resort Campground in Shiawassee County. The vehicles were taken to Complete Towing in Flint for storage. The property belongs to the plaintiffs, who are residents of Indiana.

Four days later, defendant Dunham obtained a warrant from a state magistrate to search the vehicles for evidence of the identity of the owner pursuant to an investigation of fraudulent activities being committed by persons in the asphalt paving business. The search was conducted, and the

plaintiffs' identities were learned. No criminal charges were ever filed against the plaintiffs, but defendant Renne placed a "prosecutor's hold" on the property that prevented the plaintiffs from recovering it. It is not clear exactly how or when the plaintiffs were notified of the seizure, but they must have learned about it prior to September 7, 2001. Attached to the plaintiffs' complaint is a letter from an attorney to the Tuscola County Prosecutor seeking release of the property on behalf of the plaintiffs. These efforts were unsuccessful.

In late November 2004, the plaintiffs received a Notice of Abandoned Vehicle for the two trailers. A hearing was held on January 19, 2005 in the Tuscola County district court, at which the state court judge ruled that the seizure of the property was improper. He ordered the property immediately released to its owners. The two trailers and the asphalt roller were returned to the plaintiffs on February 2, 2005. The plaintiffs claim the other items seized have not yet been returned to them. As the magistrate judge explained, the plaintiffs allege that they discovered significant damage to one of the trailers when they recovered the property from the state officials. They filed their complaint in this Court on September 15, 2005. The motions to dismiss were filed thereafter.

II.

In his report and recommendation, the magistrate judge concluded that the applicable statute of limitations in this case is three years and the limitations period began running in September 2001, when the plaintiffs learned about the seizure of their property. Thus, he reasoned, the plaintiffs' claims are time-barred. The plaintiffs object, arguing that the appropriate statute of limitations is six years and the limitations period has not expired due to the continuing nature of the seizure. The plaintiffs also claim the prosecutorial immunity argument put forth by defendants Reene and County of Tuscola should be rejected because Mr. Reene was grossly negligent.

III.

A.

The magistrate judge correctly concluded that Michigan's three year statute of limitations

for personal injury claims, Mich. Comp. Laws § 600.5805(10), applies to the plaintiffs' section 1983

claim. "The period of limitations is 3 years after the time of the death or injury for all other actions

to recover damages for the death of a person, or for injury to a person or property." Mich. Comp.

Laws § 600.5805(10). The plaintiffs object, arguing that the proper statute of limitations is six

years, as found in Michigan Compiled Laws § 600.5813. That statute provides that "[a]ll other

personal actions shall be commenced within the period of 6 years after the claims accrue and not

afterwards unless a different period is stated in the statutes." Mich. Comp. Laws § 600.5813. The

plaintiffs cite *Owens v. Okure*, 488 U.S. 235 (1989), for support.

The Sixth Circuit has "held that the appropriate statute of limitations to be borrowed for §

1983 actions arising in Michigan is the state's three-year limitations period for personal injury

claims." *Wolfe v. Perry*, 412 F.3d 707, 714 (6th Cir. 2005) (citing Mich. Comp. Laws §

600.5805(10)); *see also Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir.1986). *Owens v. Okure* is

not applicable. That case only applies "in States with multiple statutes of limitations for personal

injury actions." *Owens v. Okure*, 488 U.S. 235, 241 (1989). In Michigan, one statute of limitations

applies to all personal injury claims. Mich. Comp. Laws § 600.5805(10); *see also McLittle v.

O'Brien*, 974 F. Supp. 635, 637 (E.D. Mich. 1997). That statute governs this case, and the proper

statute of limitations is three years.

After determining that the statute of limitations is three years, the magistrate judge found that

the limitations period began running when the plaintiffs became aware of the seizure of their

property, which occurred on or before September 7, 2001.  The plaintiffs object, arguing that the limitations period did not begin to run until the Notice of Abandoned Vehicle was sent in November 2004 because of the continuing nature of the wrong.  The plaintiffs also state the defendants failed to notify them of the seizure within seven days, as required by Michigan Compiled Laws § 257.252a.

As the magistrate judge correctly noted, "'[t]ypically the statute of limitations for filing an action alleging an unconstitutional search and seizure begins to run at the time of the injury,' when the plaintiff becomes aware of the unconstitutional action." *Wolf v. Perry*, 412 F.3d 707, 714 (6th Cir. 2005) (quoting *Shamaeizadeh v. Cunigan*, 182 F.3d 391, 394 (6th Cir. 1999)); *see also Wallace v. Kato*, 549 U.S. __, 127 S. Ct. 1091, 1095 (2007).  "When a defendant's wrongful acts are of a continuing nature, however, the statute of limitations does not run until the wrong is abated." *Sable v. General Motors Corp.*, 90 F.3d 171, 176 (6th Cir. 1996).  "A continuing wrong is established by continuing tortious acts, not by continual harmful effects from an original, completed act." *Village of Milford v. K-H Holding Corp.*, 390 F.3d 926, 933 (6th Cir. 2004).

The plaintiffs allege an unconstitutional seizure of their property.  "[A] seizure of property occurs when 'there is some meaningful interference with an individual's possessory interests in that property'. . . . This expansive definition is necessary because a seizure threatens an individual's distinct interest in retaining possession of his or her property." *Thomas v. Cohen*, 304 F.3d 563, 569-70 (6th Cir. 2002) (quoting *United States v. Jacobsen*, 466 U.S. 109, 113 (1984)).  The seizure of property continues until the interference ends.  Although the property at issue in this case was seized initially on July 13, 2001, the county retained possession of the property until February 2, 2005, when two trailers and an asphalt roller were released to the plaintiffs.  The plaintiffs allege

"that no other property has yet been returned to" them.  Pl.'s Compl. at ¶ 9.  The seizure of these

items continued until their release.  Therefore, the statute of limitations has not expired on these

claims.  The magistrate judge's report must be rejected in so far as it suggests otherwise, and the

plaintiffs' objection is sustained.

B.

The plaintiffs also argue in their objections that the prosecutorial immunity argument put

forth by defendants Reene and County of Tuscola should be rejected because Mr. Reene was grossly

negligent.  The magistrate judge failed to address this argument in his report.

At this point, it is necessary to review the standard that applies to motions to dismiss filed

under Federal Rule of Civil Procedure 12.  Rule 12(b)(6) allows for dismissal for "failure to state

a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "The purpose of Rule 12(b)(6)

is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even

if everything alleged in the complaint is true."  *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).

When deciding a motion under that Rule, "[t]he court must construe the complaint in the light most

favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff

undoubtedly can prove no set of facts in support of his claims that would entitle him to relief."  *Cline*

*v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996).

In their motion to dismiss, defendants Reene and Tuscola County argue that they are entitled

to absolute immunity because Reene was acting as an advocate for the State in an activity intimately

associated with the judicial phase of the criminal process.  *Imbler v. Pachtman*, 424 U.S. 409, 430

(1976).  These defendants contend that the immunity is absolute.  The plaintiffs' objections argue

that immunity does not apply because defendant Reene acted with gross negligence.  The plaintiffs

cite *Bischoff v. Calhoun*, 173 Mich. App. 802, 434 N.W.2d 249 (1988).

"Absolute prosecutorial immunity, like absolute judicial immunity, is a common law

principle that shields a prosecutor from § 1983 liability." *Cooper v. Parrish*, 203 F.3d 937, 946 (6th

Cir. 2000).  A prosecutor has absolute immunity for all acts "intimately associated with the judicial

phase of the criminal process," such as "initiating a prosecution and . . . presenting the State's case."

*Imbler*, 424 U.S. at 430-31.  The Sixth Circuit asks whether the prosecutor was acting as a

prosecutor or performing acts usually done by a police officer:

> Those acts that occur in the course of the prosecutor's role as an advocate for the
> state, e.g., acts taken to prepare for the initiation of judicial proceedings or to prepare
> for trial, are protected by absolute immunity. *Buckley*, 509 U.S. at 273; *see also*
> *Ireland*, 113 F.3d at 1444-45.  By contrast, a prosecutor who "performs the
> investigative functions normally performed by a detective or police officer" such as
> "searching for the clues and corroboration that might give him probable cause to
> recommend that a suspect be arrested" is entitled only at most to qualified immunity.

*Cooper*, 203 F.3d at 947.

The plaintiffs' complaint alleges that "Mark Reene a[c]ting under the color of state and the

Tuscola County Prosecutor's Office put a 'Prosecutors hold' on Plaintiffs['] property preventing

plaintiff from recovering said property." Compl. ¶ 15. It is not immediately apparent from the facts

of the complaint, however, that the function of placing a "hold" on property amounts to a

prosecutorial function or an investigative function.  The Court is unable to conclude at this point in

the proceedings, therefore, that the plaintiff "can prove no set of facts in support of his claims that

would entitle him to relief."  *Cline*, 87 F.3d at 179.

The plaintiffs' argument that gross negligence can cause a prosecutor to lose absolute

immunity has no merit.  They cite *Bischoff v. Calhoun*, but that case lends no support for their

contention for two reasons. First, federal law applies to the plaintiffs' section 1983 claim, and federal law grants prosecutors absolute immunity against section 1983 suits. *Imbler*, 424 U.S. at 430. Second, the prosecutor in *Bischoff* was found to be absolutely immune. The plaintiff in that case had been hired as a police officer in the Village of Tekonsha. The defendant prosecutor told the Village attorney that the plaintiff had been the subject of a police investigation, and the plaintiff was terminated. The plaintiff filed suit alleging slander, libel, and contract interference. The Michigan Court of Appeals dismissed the case, finding the prosecutor immune. Bischoff, 173 Mich. App. at 806, 434 N.W.2d at 251.

Discovery may shed more light on the nature of defendant Reene's activity in tying up the plaintiffs' property through the "hold" placed on it. If the undisputed facts warrant, he may move for relief under Rule 56(c). At present, however, his motion to dismiss must be denied.

IV.

The Court cannot agree with the magistrate judge's determination of the issues in the parties motions. Therefore, the Court will reject the report and recommendation.

Accordingly, it is **ORDERED** that the report and recommendation of the magistrate judge [dkt # 15] is **REJECTED**.

It is further **ORDERED** that the motions to dismiss [dkt #s 3, 14] are **DENIED**.

It is further **ORDERED** that the matter is referred to Magistrate Judge Charles E. Binder under the previous reference order [dkt # 5] to ready the matter for trial, and to conduct a trial if the

parties consent under 28 U.S.C. § 626(b)(1)(c).

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   March 30, 2007

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served
upon each attorney or party of record herein by electronic means or first
class U.S. mail on March 30, 2007.

s/Felicia M. Moses
FELICIA M. MOSES